IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JERRY PATTERSON,

    Petitioner,

v.                                                                      No. 1:15-cv-01300-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER HOLDING CASE IN ABEYANCE

On November 6, 2017, Petitioner, Jerry Patterson, filed a statement addressing the October 18, 2017, memorandum of the United States Probation Office, in which the probation officer opined that the inmate is not entitled to resentencing on his claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket Entry ("D.E.") 14.) Patterson argues that he is entitled to relief under the Sixth Circuit's recent *en banc* decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), and that the panel decisions in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), and *United States v. Ferguson*, 868 F.3d 514 (6th Cir. 2017), *reh'g en banc denied* (Oct. 19, 2017), do not control the outcome of this case. (D.E. 14 at PageID 75-77.) Respondent, United States of America, filed a response on December 3, 2017, arguing that the caselaw in this Circuit precludes relief. (D.E. 17 at PageID 83-90.) In the alternative, it requests that the Court hold the proceedings in this case "in abeyance pending [appellate] resolution of these issues." (*Id.* at PageID 90.) The Government asserts that Petitioner would not be prejudiced by a delay in the resolution of his *Johnson* claim because he has served less than 120

1

months in federal custody—"[t]he statutory maximum penalty for a § 922(g) offense to which the [Armed Career Criminal Act ("ACCA")] does not apply." (*Id.*) Petitioner has not objected to the Government's request to hold the case in abeyance.

The Court determines that good cause exists to grant the request. Respondent concedes that "the determination of whether [Patterson] would or would not continue to qualify under the ACCA pursuant to current case law remains a matter of contention currently pending resolution before the appellate courts." (*Id.*) It identifies its pending petition for writ of certiorari in *Stitt*, *see United States v. Stitt*, 2017 WL 5665444 (U.S. Nov. 21, 2017) (No. 17-765), but fails to cite to any other pending appellate matters. The Court, however, is aware that the parties in the case of *United States v. Davis*, which is pending before the Sixth Circuit, have made similar arguments to those made in the instant case. *See United States v. Davis*, No. 16-6404, D.E. 26 (6th Cir. Aug. 1, 2017); *id.*, D.E. 27 (6th Cir. Sept. 12, 2017); *id.*, D.E. 33 (6th Cir. Oct. 10, 2017).[1]

Accordingly, the proceedings in this case are HELD IN ABEYANCE pending further notice. Respondent shall notify the Court of the appellate court's decision in *Davis*, as well as the Supreme Court's certiorari decision in *Stitt*, within fourteen (14) days of issuance. If the Government knows of additional relevant cases currently pending review before the Sixth Circuit, or which become pending, it shall expeditiously notify the Court.

IT IS SO ORDERED this 4th day of January 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] The briefing in *Davis* is complete. Oral argument is scheduled for February 2, 2018. *See Davis*, No. 16-6404, D.E. 37 (6th Cir. Dec. 7, 2017).