IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JERRY PATTERSON,

    Petitioner,

v.                                                                     Case No. 1:15-cv-01300-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.


ORDER REOPENING CASE AND LIFTING STAY,
DENYING CLAIM UNDER *JOHNSON V. UNITED STATES*,
AND
DIRECTING RESPONDENT TO RESPOND TO REMAINING CLAIM

On December 9, 2015, Petitioner, Jerry Patterson, filed a motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) He asserts in Claim 1 of the Petition that he is entitled to relief from his enhanced sentence on the authority of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He alleges in Claim 2 that his attorney failed to file an appeal after he "requested" that one be filed for the purposes of challenging his enhanced sentence and disputing the number of firearms used to increase his offense level.[1] (D.E. 1 at PageID 6-8, 10.) On June 27, 2016, the Court appointed an attorney to represent the inmate (D.E. 9) and counsel thereafter filed four supplemental memoranda expanding the argument in support of Claim 1 (D.E. 8, 10-12). On October 18, 2017, the United States Probation Office ("USPO") prepared a revised memorandum opining that, even after the Sixth Circuit's then-recent decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc),

---

[1] Although the Petition lists three grounds for relief, the Court liberally construes grounds one and two as stating a single claim under *Johnson*.

*rev'd United States v. Stitt*, 139 S. Ct. 399 (2018), Petitioner remained subject to an enhanced sentence. In compliance with the Court's October 20, 2017, directive that he "submit his position [on his *Johnson* claim] in light of the USPO's memorandum" (D.E. 13 at PageID 69), Patterson filed a brief maintaining that he was not subject to an enhanced sentence (D.E. 14). Respondent, United States of America, filed a brief opposing Petitioner's arguments and requesting, in the alternative, that the case be held in abeyance pending the outcome of the Government's petition for writ of certiorari in *Stitt*. (D.E. 17.) The Court granted Respondent's alternative request and stayed the proceedings. (D.E. 18.) The case was later administratively closed on August 10, 2018.[2] (D.E. 20.)

On December 10, 2018, the United States Supreme Court reversed the Sixth Circuit in *Stitt*. *See Stitt*, 139 S. Ct. at 408. The Supreme Court having issued its decision in *Stitt*, the instant case is hereby REOPENED and the STAY IS LIFTED. For the reasons that follow, Claim 1 is DENIED and the Government is ORDERED to respond to the remaining claim.

In January 2014, a federal grand jury returned an indictment charging Patterson with multiple counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts 1-3, 7-9) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(e) (Counts 4-6, 10-12). (*United States v. Patterson*, 1:14-cr-10004-JDB (W.D. Tenn.), D.E. 2.) The Defendant subsequently entered a plea of guilty to all twelve counts without the benefit of a written plea agreement.[3] (*Id.*, D.E. 19.)

---

[2]Unless otherwise noted, record citations are to documents filed in the instant case.

[3]The Court will refer to Petitioner as the "Defendant" in its discussion of the underlying criminal case.

2

The Defendant was determined to be subject to a minimum fifteen-year sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on his prior Tennessee convictions for burglary of a building (three separate offenses), aggravated burglary (two separate offenses), attempt to commit burglary, and attempt to commit second-degree murder. (Presentence Report (the "PSR") at 11-19.) The Court conducted a hearing and sentenced the Defendant to 180 months' incarceration and three years of supervised release. (*United States v. Patterson*, 1:14-cr-10004-JDB (W.D. Tenn.), D.E. 26.) No direct appeal was taken.

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted.) In his response to the USPO's revised memorandum, Petitioner argued that he is entitled to relief on Claim 1 because his attempted burglary conviction does not qualify as an ACCA predicate after *Johnson* and because, for other reasons, his burglary and aggravated burglary convictions also are not qualifying offenses. For the latter proposition, he relied in part on the Sixth Circuit's decision in *Stitt*, in which it held that Tennessee aggravated burglary is not a predicate offense under the ACCA. *See Stitt*, 860 F.3d at 858 ("[b]y including 'mobile homes, trailers, and tents,' as well as any 'self-propelled vehicle,' Tennessee's aggravated-burglary statute" sweeps more broadly than generic burglary) (quoting Tenn. Code Ann. § 39-14-401(1)); *see generally Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) (where "the elements of" a state "burglary law are broader than those of generic burglary, [a] conviction[] under that law cannot give rise to an ACCA sentence"). Patterson also posited that Tennessee's statute prohibiting burglary of a building, Tennessee Code

3

Annotated § 39-14-402(a)(1), is not a qualifying offense because it "does not require . . . unlawful entry."[4]  (D.E. 14 at PageID 74.)    The arguments are unavailing.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1).  The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first part of subsection (ii) is referred to as the "enumerated offenses" clause, while the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  *Johnson*, 135 S. Ct. at 2555-57.

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness.  *Id.* at 2557-58.  Therefore, an enhanced sentence under that provision violates due process as guaranteed by the Fifth Amendment.  *Id.* at 2556-57.  The Court made clear, however,

---

[4]"Based on th[ose] argument[s]," Petitioner expressly "chose[] not to brief the issue of whether his prior attempted second-degree murder conviction constitutes a 'violent felony' under the 'use-of-force' clause of the ACCA." (D.E. 14 at PageID 73 n.5.) The Court nevertheless notes that the PSR's summary of the charging documents and plea in Patterson's attempted second-degree murder case show that he pleaded guilty to the crime of attempting to knowingly kill another (PSR at 19), which is a violent felony under the ACCA. *See Young v. United States*, No. 15-2575-STA-tmp, 2016 WL 8711562, at *6 (W.D. Tenn. Dec. 16, 2016) (petitioner's conviction under Tennessee law for the attempted "knowing killing of another" variant of attempted second-degree murder was a violent felony under the ACCA). Petitioner has not contested the accuracy of the PSR's recitation.

that its "decision [did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

Respondent concedes "that Patterson's Attempted Burglary conviction" implicates the ACCA's residual clause and thus, after *Johnson*, "no longer qualifies as an ACCA predicate." (D.E. 17 at PageID 84.) *See United States v. Franklin*, 622 F. App'x 501, 514 (6th Cir. 2015) (defendant's "prior conviction[] for attempted burglary . . . qualif[ied] as [a] predicate offense[] only under the ACCA's now defunct residual clause"), *cert. denied,* 137 S. Ct. 679 (2017). The validity of Petitioner's ACCA sentence thus depends on whether at least three of his remaining state convictions qualify as violent felonies.

The Tennessee burglary statute provides that,

(a) A person commits burglary who, without the effective consent of the property owner:

> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). "Aggravated burglary" is defined in Tennessee as the "burglary of a habitation." Tenn. Code Ann. § 39-14-403(a).

As previously noted, the Supreme Court recently reversed the Sixth Circuit in *Stitt*. *See Stitt*, 139 S. Ct. at 408. The Court held that the Tennessee aggravated burglary statute was not

5

broader than generic burglary and, thus, a conviction under that statute is a violent felony under the ACCA's enumerated-offenses clause. *See id.* at 406-07. Accordingly, here, Petitioner's two aggravated burglary convictions qualify as violent felonies under the ACCA.

In addition, as the Government correctly points out, the inmate's three burglary convictions under Tennessee Code Annotated § 39-14-402(a)(1) are violent felonies pursuant to *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015). In *Priddy*, the Sixth Circuit held that convictions under subsections (a)(1), (a)(2), or (a)(3) of the Tennessee burglary statute are not broader than the generic definition of burglary and, therefore, are violent felonies under the ACCA. *Priddy,* 808 F.3d at 684-85. Notwithstanding Petitioner's challenge to the Tennessee burglary statute on the ground that it does not require "unlawful entry," this Court must apply *Priddy*'s ruling. *See Lofties v. United States*, 694 F. App'x 996, 1000 (6th Cir. 2017) ("This Court is bound by our decision in *Priddy*, because a published prior panel decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision.").[5]

Because the inmate has at least three prior violent felony convictions, he was properly determined to be subject to an enhanced sentence under the ACCA. Consequently, Claim 1 is DENIED.

Respondent is ORDERED to file a response to Claim 2 within twenty-eight days from the date of this order. *See* Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"), Rule 5(a). Petitioner may, if he chooses, submit a reply to the response

---

[5]The inmate "acknowledges that *Priddy* is controlling authority." (D.E. 14 at PageID 76.) He nevertheless advances his "unlawful entry" argument "for the purpose[] of preserving [it for] appellate review." (*Id.*)

within twenty-eight days of service. *See* Habeas Rule 5(d). He may request an extension of time to reply by filing a motion on or before the due date of the reply.

    IT IS SO ORDERED this 6th day of February 2019.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE