IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JERRY PATTERSON,

   Petitioner,

v().  No. 1:15-cv-01300-JDB-jay
       Re:  1:14-cr-10004-JDB

UNITED STATES OF AMERICA,

   Respondent.

ORDER DENYING SUPPLEMENTAL CLAIM,
DIRECTING CLERK TO TERMINATE MOTION,
AND
GRANTING EVIDENTIARY HEARING ON REMAINING CLAIM

Before the Court is Petitioner, Jerry Patterson's, fourth supplemental claim (the "Supplemental Claim"). (Docket Entry ("D.E.") 34.) Therein, he asserts, through appointed counsel, that he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Also before the Court is the inmate's pro se claim that his attorney rendered ineffective assistance (Claim 2). (D.E. 1.) For the following reasons, the Supplemental Claim is DENIED and an evidentiary hearing will be held to resolve disputed facts relating to Claim 2.[1]

BACKGROUND

In January 2014, a federal grand jury returned an indictment charging Patterson with multiple counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts 1-3, 7-9) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j)

---

[1] The Supplemental Claim was docketed as a motion. The Clerk is DIRECTED to terminate the motion at D.E. 34.

and 924(e) (Counts 4-6, 10-12). (*United States v. Patterson*, 1:14-cr-10004-JDB (W.D. Tenn.), D.E. 2.) The Defendant subsequently entered a plea of guilty to all twelve counts without the benefit of a written plea agreement.² (*Id.*, D.E. 19.)

The Defendant was determined to be subject to a minimum fifteen-year sentence under the ACCA, based on his prior Tennessee convictions for burglary of a building (three separate offenses), aggravated burglary (two separate offenses), attempt to commit burglary, and attempt to commit second-degree murder. (Presentence Report (the "PSR") at 11-19.) The Court conducted a hearing and sentenced Patterson to 180 months' incarceration and three years of supervised release. (*United States v. Patterson*, 1:14-cr-10004-JDB (W.D. Tenn.), D.E. 26.) No direct appeal was taken.

On December 9, 2015, Patterson filed a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (D.E. 1.) He asserted in Claim 1 that he was no longer an armed career criminal because his attempted burglary conviction did not qualify as an ACCA predicate after *Johnson v. United States*, 135 S. Ct. 2551 (2015) and because, for other reasons, his burglary and aggravated burglary convictions were not qualifying offenses. For the latter proposition, he relied, in part, on the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *rev'd*, 139 S. Ct. 399 (2018), and the United States Supreme Court's ruling in *Mathis v. United States*, 136 S. Ct. 2243 (2016).³ Patterson further posited that

---

²The Court will refer to Petitioner as the "Defendant" in its discussion of the underlying criminal case.

³The Supreme Court in *Mathis* held that, where "the elements of" a state "burglary law are broader than those of generic burglary, [a] conviction[] under that law cannot give rise to an ACCA sentence" *Mathis*, 136 S. Ct. at 2257.

Tennessee's crime of burglary of a building, Tennessee Code Annotated § 39-14-402(a)(1), is not a qualifying offense because it "does not require . . . unlawful entry." (D.E. 14 at PageID 74.) In Claim 2, he asserted that his attorney was ineffective in failing to file an appeal after he requested that one be filed.[4]

On January 4, 2018, the Court stayed and administratively closed the case pending the Supreme Court's ruling in *Stitt*. (D.E. 18.) After the Supreme Court decided the case on December 10, 2018, the undersigned reopened this matter, lifted the stay, and denied Claim 1. (D.E. 22.) In the same order, entered February 6, 2019, the Court directed Respondent, the United States of America, to respond to Claim 2. (*Id.*) The Government filed its response on April 28, 2019 (D.E. 33), and Petitioner thereafter filed the Supplemental Claim (D.E. 34).

## DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted.) A § 2255 petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

A. Supplemental Claim.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . .

---

[4]Ground Three has been renumbered as Claim 2.

committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In the Supplemental Claim, Petitioner submits that his burglary convictions are not ACCA predicate offenses because Tennessee's definition of "entry" allows for attempted burglary.[5] He avers that attempted burglary is not generic burglary, and thus cannot qualify as an ACCA predicate. Respondent maintains that *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), forecloses Patterson's argument.

In *Nance*, the Sixth Circuit held that the Tennessee aggravated burglary statute meets the ACCA's definition of burglary.[6] *Nance*, 481 F.3d at 888. Recently, in *Brumbach v. United States,* 929 F.3d 791 (6th Cir.), *reh'g en banc denied* (2019), the petitioner argued, as Patterson does here, that "Tennessee's definition of 'entry' is so broad that it treats an attempted burglary as a completed burglary." *Brumbach,* 929 F.3d at 795. Rejecting the claim, the appellate court concluded that, "[e]ven if there is merit to [the] argument[] . . ., a panel of this court cannot overrule

---

[5]Under the Tennessee burglary statute, "'enter' means . . . [i]ntrusion of any part of the body; or . . . [i]ntrusion of any object in physical contact with the body or any object controlled by remote control, electronic or otherwise." Tenn. Code Ann. § 39-14-402(b).

[6]Tennessee "[a]ggravated burglary is burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a).

4

*Nance.*" *Id.; see United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) ("[C]onvictions under subsections (a)(1), (a)(2), or (a)(3) of the Tennessee burglary statute [Tenn. Code Ann. § 39-14-402] fit within the generic definition of burglary and are therefore violent felonies for purposes of the ACCA.") (citing *United States v. Priddy*, 808 F.3d 676, 684-85 (6th Cir. 2015)), *cert. denied*, 139 S. Ct. 2712 (2019).

Because Sixth Circuit precedent forecloses Patterson's argument, his Tennessee burglary convictions remain ACCA predicates. The Supplemental Claim is therefore DENIED.

B. Ineffective Assistance Claim.

As previously noted, Petitioner contends that counsel provided ineffective assistance by failing to file an appeal after he directed him to do so. Specifically, he alleges that,

> I told my attorney to appeal my conviction as I know that my priors can not be used to ACCA [my] sentence. The PSR was wrong as I was given 4 points for having 8 to 24 guns, when in fact I only had 6 guns (para 22 of PSR)[.] I argued with my attorney that I wanted to appeal, but nothing was ever done.

(D.E. 1 at PageID 10.)

Respondent argues that counsel provided effective assistance to Patterson regarding an appeal.[7] In support, the Government has submitted the affidavit of Petitioner's trial attorney, in which counsel avers, in relevant part, as follows:

> . . . Mr. Patterson never "requested" that I file a notice of appeal on his behalf. Instead, in the lockup, after the sentencing hearing, I had a conference with Mr.

---

[7]Respondent limits its argument to the question of whether counsel should have consulted with Petitioner about an appeal, insisting that "the issue Patterson's motion presents" is whether "counsel [was] deficient for not filing a notice of appeal when the defendant [did] not clearly convey[] his wishes one way or the other." (D.E. 33 at PageID 137.) That view of Petitioner's allegations is misplaced. As noted, Patterson insists that he "told [his] attorney to appeal [his] conviction." (D.E. 1 at PageID 10.) And although he also alleges that he "argued with [his] attorney" about an appeal, liberally construed, Patterson's allegations are that he directed his lawyer to file an appeal. (*Id.*)

5

> Patterson. At that time, he specifically told me that he did not want to appeal. On the contrary, he told me he was happy with the sentence and the Court's recommendations and therefore did not wish to appeal. He also requested that I write a letter to the District Attorney in Baldwin County, Alabama, where he had pending charges, and seek dismissal of those pending charges.
>
> Additionally, as required by office procedures, I kept contemporaneous time records regarding Mr. Patterson's case, as I do in every case. My time records from August 5, 2014 contain the following entry for Mr. Patterson's case, *verbatim*:
>
>> conf w/ client in lockup after sentencing. client does not want to appeal. happy with sentence and recommendations. indicated to him that I would write letters to other jurisdictions to seek dismissal of pending charges.

(D.E. 33-1 at PageID 142-43 (paragraph numbering omitted).)

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robins v. Fortner,* 698 F.3d 317, 329 (6th Cir. 2012). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). An attorney's "strategic choices" are

6

"virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options[.]" *Id.* at 690-91. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

To show prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court announced that *Strickland*'s test applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Flores-Ortega*, 528 U.S. at 477. The Court held that a criminal defense attorney who fails to file a timely notice of appeal after a request by his client performs deficiently. *Id.* Moreover, prejudice is presumed and the defendant need not show that "his appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)). The Court in *Flores-Ortega* also extended *Strickland* to cases where "the defendant did not clearly express his wishes one way or the other as to whether he wanted to file an appeal." *United States v. Lovell*, 83 F. App'x 754, 758-59 (6th Cir. 2003) (citing *Flores-Ortega*, 528 U.S. at 477). In such a circumstance, counsel renders ineffective assistance where he had a duty to consult with the

defendant about an appeal but did not did so, and the failure prejudiced the defendant. *Flores-Ortega*, 428 U.S. at 480-81.

Here, the inmate signed the Petition, declaring "under penalty of perjury" that his factual assertions were "true and correct." (D.E. 1 at PageID 15.) Accordingly, his allegation that he "told [his] attorney to appeal [his] conviction" (*id.* at PageID 10) directly contradicts counsel's sworn averment that "Mr. Patterson never 'requested' that I file a notice of appeal on his behalf." (D.E. 33-1 at PageID 142.) Under these circumstances, the Court must hold an evidentiary hearing to resolve the factual dispute. *See Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012) (a district court must provide an evidentiary hearing on disputed questions of fact relevant to a claim that counsel was ineffective regarding an appeal).

An evidentiary hearing will be scheduled by separate docket entry.

IT IS SO ORDERED this 1st day of November 2019.

                                                     s/ J. DANIEL BREEN
                                                   UNITED STATES DISTRICT JUDGE