IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JERRY PATTERSON,

    Petitioner,

v.                                                         No. 1:15-cv-01300-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 9, 2015, Petitioner, Jerry Patterson, filed a motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.[1] (Docket Entry ("D.E.") 1.) He asserted in Claim 1 of the Petition that he was entitled to relief from his enhanced sentence on the authority of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In Claim 2, he alleged that his attorney failed to file an appeal after he directed that one be filed. Appointed counsel subsequently filed a supplemental claim (the "Supplemental Claim") asserting that the inmate no longer qualified as an armed career criminal under 18 U.S.C. § 924(e)(1) because the definition of "entry" under Tennessee's burglary statute allows for attempted burglary. (*See* D.E. 34.) After briefing by the parties, the Court denied the *Johnson* claim (D.E. 22), as well as the Supplemental Claim (D.E. 39). At the evidentiary hearing on Claim 2, the Court found that counsel credibly testified that Petitioner had not directed him to file an appeal and, thus, denied the claim. (D.E. 46.)

---

[1] A summary of Petitioner's criminal proceedings and the procedural history of the instant action are set forth in the Court's previous orders. (*See* D.E. 22, 39.)

Because all claims asserted by Petitioner have been found to be without merit, the Petition in its entirety, including the Supplemental Claim, is DISMISSED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would

not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 2nd day of December 2019.

                                                       s/ J. DANIEL BREEN
                                                      UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.